IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JESSICA L. POINDEXTER and CHERYL
NOVAK now known as CHERYL FLEMING,

        Plaintiffs,

*vs*.          Case No. 1:19-cv-00040

MERCANTILE ADJUSTMENT BUREAU, LLC,

        Defendant.

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

This action is brought by Plaintiffs, JESSICA L. POINDEXTER ("POINDEXTER") and CHERYL NOVAK now known as CHERYL FLEMING ("NOVAK"), against Defendants, MERCANTILE ADJUSTMENT BUREAU, LLC ("MERCANTILE"), based on the following:

**I.    PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

Page **2** of **9**
Case 1:19-cv-00040-WCG   Filed 01/06/19   Page 2 of 9   Document 1

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000.

12. Plaintiffs seek such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

13. POINDEXTER is a natural person.

14. At all times relevant to this lawsuit, POINDEXTER was a citizen of, and resided in, the City of Neenah, Winnebago County, Wisconsin.

15. NOVAK is a natural person.

16. At all times relevant to this lawsuit, NOVAK was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

17. MERCANTILE is a for-profit limited liablity company formed under the laws of the State of New York.

Page **3** of **9**
Case 1:19-cv-00040-WCG   Filed 01/06/19   Page 3 of 9   Document 1

18. On information and belief, MERCANTILE maintains its principal place of business at 165 Lawrence Bell Drive, Suite 100, Village of Williamsville, Erie County, New York.

19. MERCANTILE's registered agent and office in Wisconsin is National Registered Agents, Inc., 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703-3691.

### III.  JURISDICTION & VENUE

20. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

21. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV.  FACTS

22. MERCANTILE regularly engages in the collection of defaulted consumer debts.

23. MERCANTILE regularly engages in the collection of defaulted consumer debts owed to others.

24. In attempting to collect debts, MERCANTILE uses the mails, telephone, the internet, and other instruments of interstate commerce.

25. MERCANTILE is a business the principal purpose of which is the collection of defaulted consumer debts.

26. MERCANTILE mailed or caused to be mailed a letter to POINDEXTER dated January 6, 2018 (the "Poindexter Letter").

27. A true and correct copy of the Poindexter Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

28. The Poindexter Letter alleged that Poindexter incurred and defaulted on a financial obligation (the "Poindexter Debt").

29. The Poindexter Letter was MERCANTILE's first written communication to POINDEXTER attempting to collect the Debt.

30. MERCANTILE mailed or caused to be mailed a letter to NOVAK dated January 6, 2018 (the "Novak Letter").

31. A true and correct copy of the Novak Letter is attached as ***Exhibit B***, except that the undersigned counsel has partially redacted the Letter.

32. The Novak Letter alleged that Novak incurred and defaulted on a financial obligation (the "Novak Debt").

33. The alleged Novak Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

34. The Novak Letter was MERCANTILE's first written communication to NOVAK attempting to collect the Debt.

35. The Poindexter Letter and the Novak Letter (collectively "the Letters") each listed the amount respectively owed as the "Current Balance".

36. The Letters" alleged POINDEXTER and NOVAK, respectively, had defaulted on financial obligations (collectively the "Debts") owed to Capital One Bank (USA), N.A. ("Capital One").

37. The Debts concern Plaintiffs' respective personal credit card accounts.

38. The Letters each stated: "Interest and/or fees will not accrue while your account is placed with Mercantile Adjustment Bureau, LLC."

39. The Debts had been charged-off by the creditor long before Defendant began collecting the Debts.

40. On information and belief, "charge-off" is an accounting procedure by which a receivable—such as the amount owed to a creditor on a loan—is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. *See*, Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008).

41. An account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

42. Capital One does not intend to add and, as a matter of practice, never adds interest or other fees to the balance of its charged-off credit card accounts.

43. On information and belief, Capital One does not prepare and send monthly periodic billing statements on its charged-off credit card accounts.

44. Once the Debts were charged-off, their balances remained static and never changed—before and after Defendant attempted to collect the Debts.

45. Once the Debts were charged-off, Capital One did not add interest or other charges to POINDEXTER's or NOVAK's accounts.

46. The Letters falsely imply to the unsophisticated consumer that interest and other charges could accrue on the charged-off Debts.

47. Such false implication arises from the totality of the Letters including, but not limited to (A), describing the amount owed as the "Current Balance," and (B) stating that

"Interest and/or fees will not accrue while your account is placed with Mercantile Adjustment Bureau, LLC", implying that interest and fees will accrue if the Debts are not paid before MERCANTILE returns the accounts to the creditor.

48. The Letters are materially false, deceptive, and misleading to an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc*., 880 F.3d 362, 368 (7th Cir. 2018).

49. A rational person with limited financial resources would, based on the Letters, choose to pay the Debts over otherwise identical debts which accurately implied the balance remained static.

50. On information and belief, the Letters were not mailed to Plaintiffs until January 7, 2018, and Plaintiffs did not receive them until a few days later.

51. The Letters made Plaintiffs a settlement offer, which was expressly conditioned on Defendant receiving Plaintiffs' payments by January 26, 2019.

52. The Letters falsely stated Defendant was "not obligated to renew this offer".

53. Defendant's false statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading because it is *always* obligated by Capital One to renew the settlement offers stated in the Letters.

54. MERCANTILE's false statement that it is "not obligated to renew this offer" because it influences the unsophisticated consumer's decision to promptly pay the debt particularly when, as here, the unsophistcated consumer is told their debts will increase due to interest and fees once MERCANTILE returns the debts to the collector.

55. MERCANTILE's use of a form letter like the Letters—which falsely state it is "not obligated to renew this offer"—competitively disadvantages law abiding debt collectors who make settlement offers to collect static debts without obscuring the fact those debts' balances are static and the settlement offers are left open for acceptance.

56. MERCANTILE's use of a form letter like the Letters—which falsely imply the Debts will increase—competitively disadvantages law abiding debt collectors who collect static debts without obscuring the fact those debts' balances are static.

57. The Letters do not clearly and unambiguously state the amount of the Debts.

58. The Letters falsely represent the nature, status and character of the Debts.

59. The Letters deprived Plaintiffs of truthful, non-misleading, information in connection with MERCANTILE'S attempt to collect a debt.

## V. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

60. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

61. MERCANTILE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62. The Poindexter Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

63. The Novak Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

64. POINDEXTER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

65. NOVAK is a "consumer" as defined by 15 U.S.C. § 1692a(3).

66. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

67. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

68. The use and mailing of *Exhibits A* and *B* by MERCANTILE in an attempt to collect the Debts violated the FDCPA. Such violation includes, but is not limited to:

69. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

## VI. PRAYER FOR RELIEF

70. WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

   (a) An award of actual damages to Plaintiffs to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiffs;

   (b) An award of statutory damages for the Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2);

   (c) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   (d) For such other and firther relied as may be just and proper.

## VII. JURY DEMAND

71. Trial by jury is demanded on all issues so triable.

Dated: January 6, 2019

*s/Andrew T. Thomasson*
*Andrew T. Thomasson*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
   *Attorneys for Plaintiffs, Jessica L.*
   *Poindexter and Cheryl Fleming*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com